UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COMPANION TRADING CO. INC.,

               Plaintiff,

               v.

MEGA SECURITY CORPORATION and
G.P.N. ENTERPRISES, INC.,

               Defendants.
------------------------------------------------------------X

**DECISION & ORDER**:
13-cv-5755 (WFK) (CLP)

**WILLIAM F. KUNTZ, II, United States District Judge:**

By amended complaint filed April 15, 2014, Plaintiff Companion Trading Co. Inc. ("Plaintiff") brings this action against Defendants Mega Security Corp. ("Mega Security") and G.P.N. Enterprises, Inc. ("G.P.N. Enterprises") (collectively "Defendants") for breach of bailment, negligence, and breach of contract, pursuant to diversity jurisdiction under 28 U.S.C. § 1332 and to the Carmack Amendment to the Interstate Commerce Act of 1887 (49 U.S.C. § 11706). Defendants move for (1) partial summary judgment on any claims Plaintiff makes pursuant to the Carmack Amendment; (2) in the alternative, dismissal with prejudice of Plaintiff's state law claims, as pre-empted by the Plaintiff's Carmack Amendment claims; and (3) dismissal for improper venue or, in the alternative, transfer of venue to the District Court of the District of New Jersey. For the reasons discussed below, Defendants' motion for summary judgment on the Carmack Amendment claims is hereby GRANTED, and Defendants' motion for dismissal for improper venue or transfer of venue is hereby DENIED.

## BACKGROUND

On or about November 2, 1995, Defendants, both New Jersey corporations sharing the same business address, sold to Plaintiff, a New York corporation, the ISM Super Diamond Torch Explosive & Tool Resistant Safe Model TXTL-60, Serial Number TX458 (the "Safe"). Dkt. 15 ("Amended Complaint") at ¶¶ 1, 5-6, 12. Plaintiff's principal place of business is located at 34-52 84th Street Jackson Heights, New York, and has another business location at 250 Arleigh Road, Douglaston, New York (the "Douglaston Location"). *Id.* at ¶ 1. At all relevant times, Defendants were engaged in selling, transporting, delivering, repairing, opening, servicing, and

−1−

installing high-security safes to store valuables. *Id.* at ¶ 8. At all relevant times, Plaintiff was a wholesale dealer of rare opals. *Id.* at ¶ 2. Plaintiff regularly warehoused and stored its opals in high-security safes, including the Safe, at Plaintiff's Douglaston Location. *Id.* at ¶¶ 3, 13.

In March 2011, Plaintiff locked its most valuable opals in the Safe at the Douglaston Location and subsequently could not unlock the Safe despite repeated attempts. *Id.* at ¶ 14. On or before March 10, 2011, Plaintiff called Mega Security to send a technician to open the Safe; however, at that same time, Plaintiff repeatedly advised both Defendants not use heat to open the Safe under any circumstances, as heat would damage the opals. *Id.* at ¶¶ 15, 17. Mega Security sent a technician to open the Safe. *Id.* at ¶ 16. The technician, after being unable to open the Safe, arranged for its transport to the Defendants' location in New Jersey to unlock the safe. *Id.* After this, Plaintiff again told Defendants not to use heat to open the Safe under any circumstances, and Defendants agreed. *Id.* at ¶¶ 17-18. Plaintiff paid Defendants $2,500 for transporting the Safe and as a down payment on Defendants' unlocking services. *Id.* at ¶ 22. However, after removal of the Safe to New Jersey, Defendants used one or more blowtorches to open the Safe, substantially damaging or destroying the opals inside. *Id.* at ¶¶ 23-24. The opals were rendered "worthless and unsellable." *Id.* at ¶ 27.

Plaintiff brings this suit for breach of bailment, negligence, and breach of contract under New York State common law. *Id.* at ¶¶ 28-38. Plaintiff also appears to make claims under the Carmack Amendment for the purpose of arguing the Court has subject matter jurisdiction. *Id.* at ¶ 10. On July 25, 2014, Defendants filed their motion for (1) partial summary judgment on Plaintiff's Carmack Amendment claims, on the ground that the Carmack Amendment does not apply; (2) in the alternative, dismissal of Plaintiff's state law claims as pre-empted by the

Carmack Amendment; and (3) dismissal for improper venue or transfer of venue. Dkt. 26-8 ("Motion").

ANALYSIS

I.  **Motion for Summary Judgment on the Carmack Amendment Claims**

A court appropriately grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to perform "the threshold inquiry of determining whether there is the need for a trial[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "If the moving party fulfills its preliminary burden, the burden shifts to the non-movant to raise the existence of a genuine issue of material fact." *Feder v. Target Stores*, 15 F.Supp.3d 253, 256 (E.D.N.Y. 2014) (Kuntz, J.).

"The Carmack Amendment, which Congress passed in 1906, addresses the subject of carrier liability for goods lost or damaged during shipment, and most importantly provides shippers with the statutory right to recover for the *actual loss* or injury to their property caused by any of the carriers involved in the shipment." *Guru Kripa Foods, Inc. v. Inter, Inc.*, 10-CV-0229, 2012 WL 3306520, at *10 (E.D.N.Y. Aug. 10, 2012) (Irizarry, J.) (internal citation and quotation marks omitted) (emphasis in original).

To state a claim under the Carmack Amendment, the Plaintiff "must show, by a preponderance of the evidence: (i) that the carrier received the goods in good order and condition; (ii) that the shipment arrived at its destination in a damaged condition or did not arrive

—3—

at all; and (iii) the amount of the loss." *St. Paul Fire and Marine Ins. Co. v. Schneider Nat'l Carriers, Inc.*, 03-CV-5197, 2006 WL 522455, at *6 (S.D.N.Y. Mar. 3, 2006) (Berman, J.) (internal citations omitted).

Defendants argue they are entitled to judgment as a matter of law on Plaintiff's Carmack Amendment claims because (1) the Carmack Amendment only applies to liability for damages incurred during interstate shipment or delivery, while Plaintiff only alleges damages to the opals when Defendants opened the safe in New Jersey; and (2) Plaintiff cannot establish it delivered the opals in good condition to Defendants, since nobody could open the safe to inspect the opals until Defendants used the blowtorches. Motion at 5-7. Plaintiff argues the Carmack Amendment applies until the goods arrive at the final point of delivery during an interstate shipment, even if there was a temporary stop along the way, and accordingly, Defendants' Carmack liability applies until the safe return of the opals to Plaintiff's Douglaston Location. Dkt. 40 ("Opp.") at 7-8. Plaintiff further argues affidavits from persons with direct knowledge are sufficient proof of a shipment's good condition. *Id.* at 8-9. Defendants respond that (1) Plaintiff's affidavits are unsupported by contemporaneous business records; and (2) Plaintiff's argument that the Carmack Amendment imposes liability here is unsupported by case law. Dkt. 42 ("Reply") at 3-6.

Defendants are correct. Liability under the Carmack Amendment applies when goods in an interstate shipment are temporarily stored, for the sake of convenience, along the way to their final destination. *See, e.g., Akin v. Williams Transfer and Storage Co., Inc.*, 09-Cv-105, 2009 WL 3258762, at *2 (N.D. Miss. Oct. 8, 2009) (Mills, J.) (internal citations omitted). Plaintiff's opals, however, were not stored in New Jersey for the sake of convenience along the way to the final destination in Douglaston, New York. Rather, the opals were transported to New Jersey

because they were in the Safe, and the alleged damage occurred in New Jersey while Defendants opened the Safe. This is not damage "during shipment." *Guru Kripa Foods, Inc.*, 2012 WL 330652 at *10. Nor is it one of the "associated services" to the "physical act of transportation" which fall within the Carmack Amendment's ambit. *Rush Indus., Inc. v. MWP Contractors, LLC*, 539 F. App'x 91, 94-95 (4th Cir. 2013). Instead, Plaintiff alleges damages incurred during the provision of a safe-opening service to which the shipment was incidental. Accordingly, Defendants cannot be liable to Plaintiff under the Carmack Amendment. The Court hereby GRANTS summary judgment to Defendants on Plaintiff's Carmack Amendment claims. Accordingly, because Defendants cannot be liable to Plaintiff under the Carmack Amendment, Defendants' alternative motion to dismiss Plaintiff's state law claims as pre-empted by the Carmack Amendment is MOOT.

## II. Motion to Transfer Venue to the District of New Jersey

As the Court granted summary judgment to Defendant on the Carmack Amendment claims, the sole remaining basis for federal jurisdiction is diversity of citizenship. Motion at 10. The governing statute for venue of actions arising under diversity jurisdiction is 28 U.S.C. § 1391(b), which states,

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Furthermore, a defendant corporation "shall be deemed to reside… in any judicial district in which such defendant is subject to the court's personal jurisdiction with

respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). As such, venue for the instant action is proper where any Defendant is subject to personal jurisdiction, or where a substantial part of the events or omissions giving rise to the claim occurred.[1] Defendants argue they are not subject to New York's personal jurisdiction because they are New Jersey corporations, and the events or omissions giving rise to the claim occurred in New Jersey. Motion at 10-14. Defendants ask for dismissal of Plaintiff's Complaint because it was filed in an improper venue or, in the alternative, for the Court to transfer the case to the District Court of the District of New Jersey. *Id.* at 14. Plaintiff argues venue is proper in the Eastern District of New York because Defendants are subject to personal jurisdiction here under New York's long-arm personal jurisdiction statute. Opp. at 13-15.

Plaintiff is correct. "Where the parties have not engaged in extensive discovery or an evidentiary hearing on the matter of jurisdiction, the plaintiff need only make a *prima facie* showing that personal jurisdiction exists over the defendant." *Matera v. Native Eyewear, Inc.*, 355 F. Supp. 2d 680, 683 (E.D.N.Y. 2005) (Spatt, J.) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) and *Distefano v. Carozzi North Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)) (emphasis in original). For a *prima facie* showing of personal jurisdiction over Defendants under New York C.P.L.R. § 302, New York's long-arm personal jurisdiction statute, Plaintiff need only show "(i) [Defendants have] transacted business within the state; and (ii) the claim arises out of that activity." *Matera*, 355 F.Supp.2d at 684 (internal citations omitted). "A single transaction would be sufficient to fulfill this requirement [of the long-arm statute] . . . so long as the relevant cause of action also arises from that transaction." *Bank Brussels Lambert v.*

---

[1] The "property" referred to in 28 U.S.C. § 1391(b)(2) only refers to real property disputes or *in rem* actions, and as such cannot provide a basis for venue based on the location of the opals. *Cold Spring Harbor Lab. v. Ropes & Gray, LLP*, 762 F.Supp.2d 543, 554 (E.D.N.Y. 2011) (Spatt, J.).

*Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999) (internal citations, brackets, and quotation marks omitted). Factors the Court may consider to determine whether New York has personal jurisdiction over Defendants include,

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York, and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract . . . and (iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state. Although all are relevant, no one factor is dispositive. Other factors may also be considered, and the ultimate determination is based on the totality of the circumstances.

*Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996) (internal citations omitted).

Here, Defendants sold and delivered the Safe to Plaintiff in Douglaston, New York. Dkt. 27-1 ("Otto Aff.") at ¶ 6. Defendants traveled to Douglaston and Jackson Heights, both in Queens County in the Eastern District of New York, to make adjustments to the Safe and to three other safes sold by Defendants to Plaintiff. *Id.* at ¶ 7. Before transporting the Safe to New Jersey to open, Defendants sent a technician to Douglaston, New York to attempt opening the Safe on three separate occasions. *Id.* at ¶¶ 14-15. The agreement for Defendants to transport the Safe to New Jersey to attempt opening the Safe was drafted and executed in Douglaston, New York. *Id.* at ¶¶ 17-18; Dkt. 30 ("Agreement"). Furthermore, the current action "arises out of" the New York transactions because there is a "substantial nexus" between the New York transactions, including the agreement for the transport of the Safe to New Jersey, and Plaintiff's causes of action. *Agency Rent A Car Sys., Inc.*, 98 F.3d at 31 (internal citations and quotation marks omitted).

Accordingly, Plaintiff has made a *prima facie* showing that personal jurisdiction exists over Defendants. Defendants' motion to dismiss for improper venue or to transfer venue is hereby DENIED.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion, Dkt. 26, is hereby GRANTED IN PART and DENIED IN PART.

**SO ORDERED.**

s/WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2015
Brooklyn, New York